## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## APPELLATE DIVISION
## DIVISION OF ST. THOMAS AND ST. JOHN

**GOVERNMENT OF THE VIRGIN ISLANDS,**     )
                                         )
Plaintiff/Appellee,     )     D.C. CRIM.APP. 2007/08
v.     )     S.C. CRIM.  F466/04
                                         )
**JUNIEL CHARLESWELL,**     )
Defendant/Appellant     )
_____)

## APPEAL FROM THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
_____

## BRIEF OF APPELLEE
_____

Respectfully Submitted,

**VINCENT F. FRAZER**
Attorney General

**ELLIOTT M. DAVIS**
Solicitor General


By:  **MATTHEW PHELAN**
     Assistant Attorney General
     Department of Justice
     34-38 Kronprindsens Gade
     GERS Bldg., 2nd Floor
     St. Thomas, U.S.V.I.  00802
     (340) 774-5666

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES AND CASES  .................................................. 3

STATEMENT OF JURISDICTION  ................................................................  5

STATEMENT OF THE ISSUES  ....................................................................  6

STATEMENT OF THE CASE  .......................................................................  7

STATEMENT OF THE FACTS....................................................................8

SUMMARY OF THE ARGUMENT................................................................10

STATEMENT OF RELATED CASES AND PROCEEDINGS.....................................11

STANDARD OF REVIEW..............................................................................12

ARGUMENT
    I.  ISSUES NOT SPECIFICALLY AND DISTINCTLY RAISED AND
    ARGUED IN THE OPENING BRIEF NEED NOT BE CONSIDERED BY THE
    COURT …………….……………………………………………………………13

    II. THE EVIDENCE WAS SUFFICIENT TO SHOW GRAND LARCENY…..15

CERTIFICATE OF BAR MEMBERSHIP  ....................................................21

CERTIFICATE OF SERVICE .......................................................................21

## TABLE OF AUTHORITIES

**Cases**

*APA Excelsior III L.P. v. Premiere Technologies, Inc.*, 2007 WL 286258 ................................. 14

*Dillery v. City of Sandusky*, 398 F.3d 562 (6th Cir. 2005) ............................................................ 14

*Government of the Virgin Islands v. Greenidge*, 41 V.I.R. 200 (D.C.V.I.App.Div. 1998) .......... 17

*Government of the Virgin Islands v. Peters*, 121 F. Supp. 2d 825 (D.C.V.I.App.Div. 1998) ...... 17

*Government of the Virgin Islands v. Williams*, 7 V.I. 493 (3d Cir. 1970) ................................... 16

*Government of the Virgin Islands v. Williams*, 739 F.2d 936 (3d Cir. 1984) .............................. 16

*Ibrahim v. Government of Virgin Islands*, 2005 WL 3077601 (D.Virgin Islands) ...................... 14

*Jackson v. Byrd*, 105 F.3d 145 (3d Cir.), cert. den. 520 U.S. 1268 (1997) ................................ 16

*Jackson v. Virginia*, 443 U.S. 307 (1979) ................................................................................... 12

*Moore v. F.D.I.C.*, 993 F.2d 106 (5th Cir. 1993), *rehearing denied* (Jul 14, 1993) .................... 13

*Muniz v. Rovira*, 373 F.3d 1 (1st Cir. 2004) .............................................................................. 13

*Officers for Justice v. Civil Serv. Comm'n,* 979 F.2d 721 (9th Cir.1992), *cert. denied,* 507 U.S.
    1004, (1993) ........................................................................................................................... 13

*U.S. v. Hollow*, 747 F.2d 481 (C.A.8 (N.D.) 1984) ..................................................................... 13

*United States v. Armstrong*, 909 F.2d 1238 (9th Cir. 1989) ....................................................... 19

*United States v. Carr*, 25 F.3d 1194 (3d Cir.), *cert. den.* 513 U.S. 1086 (1995) .......................... 16

*United States v. Hamilton*, 457 F.2d 95 (3d Cir. 1972) .............................................................. 16

*United States v. Haut*, 107 F.2d 213 (3d Cir. 1969) .................................................................... 19

*United States v. Lawrence*, 349 F.3d 109 (3d Cir. 2003) ............................................................ 16

*United States v. Navarro*, 145 F. 3d 580 (3d Cir. 1998) .............................................................. 16

*United States v. Palmas-Ruedas*, 121 F. 3d 841 (3d Cir. 1997), cert. den. 522 U.S. 1142 (1998) 16

*United States v. Reilly,* 33 F.3d 1396 (3d Cir. 1994) ................................................................... 20

*United States v. Schramm*, 75 F.3d 156 (3d Cir. 1996) .............................................................. 12

*United States v. Xavier*, 2 F.3d 1281, 1289 (3d Cir. 1993) .................................................. 17, 19

**Statutes**

14 V.I.C. §11 ........................................................................................................................... 17, 19

14 V.I.C. §1081 ................................................................................................................... 16, 17, 19

14 V.I.C. §1083(1) .............................................................................................................. 16, 17, 19

**Rules**

Federal Rule of Appellate Procedure 28(a)(5) .............................................................................. 13

Federal Rule of Appellate Procedure 28(a)(7) ................................................................................ 8

Federal Rule of Appellate Procedure 28(b)(1) ................................................................................ 5

Federal Rule of Appellate Procedure 28(b)(3) ................................................................................ 7

Federal Rule of Appellate Prosedure 28(e) .................................................................................. 13

VIRAP Rule 10(b) ........................................................................................................................ 17

VIRAP Rule 24 (a) ....................................................................................................................... 18

## **STATEMENT OF JURISDICTION**

Pursuant to Federal Rule of Appellate Procedure 28(b)(1), the Government does not contest the jurisdiction of this Court.

**<u>STATEMENT OF THE ISSUES PRESENTED FOR REVIEW</u>**

1.) Has defendant waived his appeal by filing a brief lacking specific arguments or notations to the record, as well as filing a non-conforming Appendix?

2.) Was the evidence sufficient to convict the defendant of grand larceny?

## <u>STATEMENT OF THE CASE</u>

Pursuant to Federal Rule of Appellate Procedure 28(b)(3), the Government does not contest the statement of the case.

## STATEMENT OF THE FACTS

*Introductory Statement*. Although sufficiency of the evidence to support the verdict on appeal is the issue in this case, the defendant has not included in his Appendix a transcript of all testimony that supports the verdict. On October 3, 2008, the Government filed a Motion to Hold the Briefing Schedule in Abeyance until the Defendant Filed a Conforming Appendix. The Government's motion has not been contested by the defendant nor has it been ruled upon by the Court as of the filing of this brief.

The defendant has not filed a statement of facts relevant to the issues submitted for review as required by Federal Rule of Appellate Procedure 28(a)(7). The Government's statement of the facts is accordingly based on the statements given to the Virgin Islands Police by Veron Smith, Nigel Yusef and Waheed Hamed.[1]

On Sunday, December 5, 2004, the defendant Juniel Charleswell picked up Veron Smith at his home and together they drove to Plaza Extra. While on the way, the defendant told Smith that he needed certain things from the store.

When they arrived at the store, Smith went inside, got a grocery cart and proceeded to fill it up with groceries such as lobster, steak, shrimp, chicken and many other items. He then filled a second cart and used boxes to organize the items in the two carts. Smith then exited the store to go put the groceries in Charleswell's car[2].

As Smith was filling the grocery carts and exiting the store, Nejah Yusef, one of the store's managers, observed what was happening on a surveillance camera upstairs. He proceeded to rush downstairs and yell to Charleswell to stop Smith. Smith ultimately came to a stop with

---

[1] These three statements are used as the basis for the Statement of Facts because all three individuals are referenced in the defendant's three pages of trial transcript.
[2] Juniel Charleswell had given his car keys to Smith before they went into Plaza Extra so that Smith could place the groceries in the vehicle.

the two grocery carts beside the defendant's car. Yusef told the police that at the time Smith was exiting the store, the defendant was by the exit door training a new security officer on how to check merchandise leaving the store yet he did not stop Smith.

Smith was then taken into a security room and questioned. He ultimately admitted to Yusef and Hamed, another store manager, that he took the merchandise for the defendant. The value of the merchandise stolen was over $1,000. Smith also admitted that he had been doing this two to three times a month since the summer.

The police arrived and the questioning continued. The surveillance tape was reviewed and Charleswell was questioned. During this same period, Yusef saw Smith give Charleswell his car keys. Charleswell then gave the keys to Officer Donovan. Charleswell was then taken to the police station.

## <u>SUMMARY OF THE ARGUMENT</u>

A brief that lacks specific arguments or specific references to the Appendix as to the insufficiency of the evidence resulting in defendant's conviction results in a waiver of those arguments. The Court should not consider those matters not specifically and distinctly raised.

The evidence of guilt was sufficient. The clear and reasonable inference to be drawn from the evidence in this case is that the defendant planned this crime and knew exactly what the juvenile intended to do, and joined him voluntarily. Even if the defendant did not touch the Plaza Extra merchandise, the evidence was more than sufficient to show that he aided and abetted a minor, Veron Smith, in the defendant's plan to steal from Plaza Extra. The fact that he contacted Veron Smith, instructed Veron Smith in detail, gave Veron Smith the keys to his car, and allowed Veron Smith to walk out of the store with two over loaded shopping carts without paying, gave rise to a justifiable inference that the grand larceny was pursuant to a common purpose.

## <u>STATEMENT OF RELATED CASES AND PROCEEDINGS</u>

This case has not been before this court previously. The Government is not aware of any other related case or proceeding pending or about to be presented before this court or any other court, state or federal.

## **STANDARD OF REVIEW**

Where the sufficiency of the evidence is challenged, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Review of the sufficiency of the evidence is circumscribed by the principle that it is not for the appellate court to weigh the evidence or determine the credibility of witnesses. A jury verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. *United States v. Schramm*, 75 F.3d 156 (3d Cir. 1996).

## ARGUMENT

## I. ISSUES NOT SPECIFICALLY AND DISTINCTLY RAISED AND ARGUED IN THE OPENING BRIEF NEED NOT BE CONSIDERED BY THE COURT

Defendant's argument consists of one page asserting there was insufficient evidence to convict him for the crime of grand larceny. The Appendix comprises the Judgment, defendant's Notice of Appeal, the People's Amended Information and pages 108, 157 and 196 of the trial transcript. No case law is submitted concerning the insufficiency of the evidence of aiding and abetting or grand larceny.

An appellant's brief "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor." Fed.R.App.P. 28(a) (5). Furthermore, references to the parts of the record contained in the appendix filed with the appellant's brief must be to the pages of the appendix. *See* Fed. R.App.P. 28 (e). Issues not "specifically and distinctly raised and argued" in the opening brief need not be considered by the court. *Officers for Justice v. Civil Serv. Comm'n,* 979 F.2d 721, 726 (9th Cir.1992), *cert. denied,* 507 U.S. 1004, (1993).

Here, defendant merely asserts that the record is devoid of any evidence that would show the defendant took, stole, carried away or lead away the items that were taken from Plaza Extra on December 5, 2005. *See U.S. v. Hollow*, 747 F.2d 481 (C.A.8 (N.D.) 1984), (Appellate counsel's argument merely that certain objections to admission of evidence were not made by trial defense counsel, and simple reference to the transcript, fell far short of satisfying either the requirements of the Federal Rules of Appellate Procedure as to references to the record or the test for ineffective assistance of counsel); *Moore v. F.D.I.C.*, 993 F.2d 106 (5th Cir. 1993), *rehearing denied* (Jul 14, 1993) (Dismissal of the appeal was justified as acceptably presenting no issues where the Appellate brief contained only conclusions without reference to the record.); *Muniz v. Rovira*, 373 F.3d 1, 7 (1st Cir. 2004) (It is a bedrock appellate rule that issues raised

perfunctorily, without developed argumentation, will not be considered on appeal.); *APA Excelsior III L.P. v. Premiere Technologies, Inc.*, 2007 WL 286258 at 7 (Chosen for publication) (11th Cir. 2007), (Court of Appeals does not consider claims not clearly raised in party's initial brief.); *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived on appeal.).

As this Court has previously said in *Ibrahim v. Government of Virgin Islands*, chosen for publication, 2005 WL 3077601 (D.Virgin Islands);

> To properly obtain review, an appellant has a duty to outline in his main appellate brief the issues for which review is sought, and the issues thereby listed shape the parameters of the appellate court's consideration. *See* V.I.R.App. P. 22. Moreover, an appellant is bound to submit arguments in support of the issues presented, supported by legal authorities and applied to the facts reflected on the record. *See* V.I.R.A.P. 22(a)(3), (5) and (d)(noting responsibility of appellant to state, in his main brief, the issues for review and arguments with authorities in support thereof, as well as references to the record); V.I.R.A.P. 20 (noting that all briefs must conform with the Rules of the Appellate Division). A reply brief is intended only to provide an opportunity for an appellant to respond to the arguments raised in the appellee's brief; it is not intended as a forum to raise new issues or theories not argued in the main brief. Accordingly, issues not argued or presented with no more than a cursory reference in the appellant's main brief are deemed waived. *See United States v. Voigt*, 89 F.3d 1050, 1064 (3d Cir.1996)(noting issues or theory not identified in brief, as required by applicable federal appellate rule

mirroring V.I.R.A.P. 22, constituted waiver) (citations omitted); *Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir.1993)(declining review of issue mentioned just "casually in one sentence," noting that under parallel provision in Fed.R.App.P. 28(a)(3), (5), "When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal.")(citing *Kost v. Kozakiewicz*, 1 F.3d 176, 182-83 & n. 3 (3d Cir.1993); *Institute for Scientific Info., Inc. v. Gordon & Breach, Science Publishers, Inc.*, 931 F.2d 1002, 1011 (3d Cir.1991); 16 Charles A. Wright, et al., Federal Practice and Procedure § 3974, at 421 (1977 & Supp.1993, at 690)(issue must be raised in both the issues and argument sections of the brief to obtain review); *Lunderstadt v. Colafella*, 885 F.2d 66, 78 (3d Cir.1989)(raising issue for first time in reply brief insufficient to preserve issue for review); *Daggett v. Kimmelman*, 811 F.2d 793, 795 (3d Cir.1987) (same)).

Because of the defendant filing an appeal and submitting his brief, the Government is obligated to respond. However, in this case, the Government in responding to a one page argument is now put in the awkward position of comprehending, flushing out, developing, elaborating and basically strengthening the defendant's unsupported allegations by the Government now making its' best efforts to support the conviction through thorough research, analysis and argument. The Government would therefore request that this Court decline to review this entire appeal.

## II. THE EVIDENCE WAS SUFFICIENT TO SHOW GRAND LARCENY

The defendant argues that the evidence was insufficient to show that he was guilty of grand larceny. However, the evidence was sufficient.

A defendant challenging the sufficiency of the evidence bears a heavy burden. *United States v. Navarro*, 145 F. 3d 580, 592 (3d Cir. 1998); *United States v. Carr*, 25 F.3d 1194, 1201 (3d Cir.), *cert. den.* 513 U.S. 1086 (1995). He must prove that, even when the evidence, both direct and circumstantial, is viewed in the light most favorable to the verdict, and even when the Government is given the benefit of all inferences which can be drawn from it, no rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *United States v. Palmas-Ruedas*, 121 F. 3d 841, 855 (3d Cir. 1997), cert. den. 522 U.S. 1142 (1998); *Jackson v. Byrd*, 105 F.3d 145, 147 (3d Cir.), cert. den. 520 U.S. 1268 (1997). In making this determination, circumstantial evidence is considered to be just as probative as direct. *Government of the Virgin Islands v. Williams*, 739 F.2d 936, 940 (3d Cir. 1984). When determining the sufficiency of the evidence, the government is given the benefit of all reasonable inferences that can be drawn from the evidence. *Jackson v. Byrd*, 105 F.3d 145, 147 (3d Cir. 1997).

A finding of guilt may be based solely on circumstantial evidence. *United States v. Hamilton*, 457 F.2d 95, 98 (3d Cir. 1972). This is particularly so when proving the element of intent. *United States v. Lawrence*, 349 F.3d 109, 120 (3d Cir. 2003) ("circumstantial evidence is usually the only possible proof of the [defendant's] mental processes…").

Larceny is the unlawful taking, stealing, carrying, leading, or driving away the personal property of another. 14 V.I.C. §1081. If the property is worth more than $100, the crime is classified as Grand Larceny. 14 V.I.C. §1083(1). The Third Circuit has determined that the Legislature intended to follow the common law, and so has added the element that the actor must have the specific intent to permanently deprive the owner of his property. *Government of the Virgin Islands v. Williams*, 7 V.I. 493 (3d Cir. 1970).

The defendant was charged with felony offenses as a principal in the crime. Under Virgin Islands law, § 14/11 Principals are defined as;

(a) Whoever commits a crime or offense or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. (b) Whoever willfully causes an act to be done which if directly performed by him or another person would be a crime or offense, is punishable as a principal.

14 V.I.C. §11.

"Aiding and abetting" requires proof that the defendant associated himself with the venture and participated in it as something he wished to bring about, and sought by words or actions to make it succeed. *United States v. Xavier*, 2 F. 3d 1281, 1288 (3d Cir. 1993). The defendant did not have to walk out of the store with the stolen goods himself in order to be found guilty as a principal for aiding and abetting grand larceny. *Government of the Virgin Islands v. Greenidge*, 41 V.I.R. 200 (D.C.V.I.App.Div. 1998); *Government of the Virgin Islands v. Peters*, 121 F. Supp. 2d 825, 828 (D.C.V.I.App.Div. 1998). Thus, in order to prove grand larceny as charged, the government was required to prove that someone intended to permanently deprive Plaza Extra of its merchandise, and that the defendant knew that the other person was committing this crime and intended to facilitate it. *Government of the Virgin Islands v. Peters*, 121 F. Supp. 2d 825, 828 (D.C.V.I.App.Div. 1998).

In a prosecution for grand larceny, in violation of 14 V.I.C. §§1081, 1083(1) and 11(a), the burden is on the Government to prove beyond a reasonable doubt that the defendant committed each element. In the matter before the Court, the sole argument made by the defendant is that there was insufficient evidence to convict the defendant. Pursuant to VIRAP Rule 10(b), "If the appellant intends to urge on appeal that a finding or conclusion is unsupported

by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." See also VIRAP Rule 24 (a).

The defendant has failed to carry his burden on the appeal. The evidence showed that the defendant enlisted a juvenile to steal merchandise from Plaza Extra while the defendant was on duty as head of security at the store. The *only* logical conclusion from this evidence is that this defendant intended to deprive Plaza Extra of its merchandise permanently.

He spoke with Veron Smith on the phone and planned to get some things from Plaza Extra, Driven by Charleswell, Veron Smith went to Plaza Extra, got the car keys to the defendant's car, and then proceeded to load up two shopping carts with items from the store. Smith then proceeded to walk out the front door of the store without paying for the merchandise. As he walked out the door, he was merely a few feet from the defendant yet the defendant did not even attempt to stop him. Smith proceeded towards the defendant's car as the Manager, who had witnessed this on the in-store surveillance camera, came rushing downstairs yelling for the defendant to stop the boy. Veron Smith stopped, with the two carts, beside defendant's vehicle.

When questioned inside, Smith admitted to stealing the merchandise for the defendant. Smith also produced the keys to the defendant's car, which he stated the defendant had given to him to load the stolen goods into the car. There was sufficient evidence for the jury to conclude that this was not a juvenile walking home with over $1,000 worth of merchandise for his own use, but rather out and out larceny committed at the direction and under the supervision of the defendant while he was on duty as Chief of Security for Plaza Extra.

On appeal, the defendant seems to argue that his conviction was erroneous, because Veron Smith loaded up and then pushed the two shopping carts out the store's front door. The argument relies on a false premise. There is no difference between "aiding and abetting another"

and "being aided and abetted by another" because the law makes no distinction between the primary actor and the aider and abettor. When they act in concert to commit a crime, both are guilty as principles. 14 V.I.C. §11.

Title 14 V.I.C. §11 does not define a substantive offense. It describes who can be held responsible for a crime, but the nature of the crime itself must be determined by reference to some other statute. *United States v. Armstrong*, 909 F.2d 1238, 1242 (9th Cir. 1989). In this case, those statutes are 14 V.I.C. §1081 (larceny) and 14 V.I.C. §1083(1) (grand larceny). The elements of the crimes are found in the substantive statutes, and the jury was correctly instructed as to those elements. The jury was also correctly instructed on the law concerning aiding and abetting. This defendant was charged with grand larceny and convicted of that exact charge – grand larceny. Liability as an aider and abettor requires proof that the defendant associated himself with the venture, that he participated in it as something he wished to bring about, and that he sought by his words or action to make it succeed. *United States v. Xavier*, 2 F.3d 1281, 1289 (3d Cir. 1993). By planning the crime, enlisting the juvenile, giving him his car keys and allowing him to walk out of Plaza Extra with $1,000 worth of goods without paying, the defendant was lawfully convicted of grand larceny.

The testimony of Veron Smith, as well as the two store managers, if believed by the jury, was sufficient evidence of the guilt of Juniel Charleswell. It is the jury's prerogative to decide all questions of credibility, and despite rigorous cross-examination, the jury chose to believe Smith, Nigel Yusef and Waheed Hamed after listening to them and observing their demeanor. *United States v. Haut*, 107 F.2d 213 (3d Cir. 1997). Evidence of guilt is sufficient if a reasonable mind, viewing the evidence in the light most favorable to the government, could fairly find the defendants guilty beyond a reasonable doubt. *United States v. Reilly,* 33 F.3d 1396, 1420 (3d Cir.

1994). Therefore, the trial evidence was sufficient for a finding of guilty on Count One of the

Amended Information.

CONCLUSION

For these reasons, the Government requests this Court to affirm the judgment of the

Superior Court.

Respectfully submitted,

VINCENT F. FRAZER.
Attorney General

ELLIOTT M. DAVIS
Solicitor General

By:        ____/s/_____
           MATTHEW PHELAN
           Assistant Attorney General
           Department of Justice
           48B-50C Kronprindsens Gade
           GERS Bldg., 2nd Floor
           St. Thomas, U.S.V.I.  00802
           (340) 774-5666

CERTIFICATE OF BAR MEMBERSHIP

MATTHEW PHELAN, Assistant Attorney General for the Virgin Islands Department of Justice and Counsel for the Appellee Government of the Virgin Islands, certifies that he is a member in good standing of the Bar of the District Court of the Virgin Islands.

_____/s/_____
MATTHEW PHELAN

CERTIFICATE OF SERVICE

I certify that an exact copy of this Brief of Appellee was electronically served upon the appellant in this case  addressed to the counsel for Appellant:

Michael L. Sheesley, Esq.,
P.O. Box 10829,
St. Thomas, VI 00801
michael.sheesley@comcast.net

H:\CHARLESWELL.DCt.Brf.doc