FOR PUBLICATION

> DISTRICT COURT OF THE VIRGIN ISLANDS
> DIVISION OF ST. THOMAS AND ST. JOHN
> APPELLATE DIVISION

| | |
|---|---|
| JUNIEL CHARLESWELL, | ) |
| | ) D.C. Crim. App. No.2007-08 |
| Appellant, | ) |
| | ) Super. Ct. Crim. No. F466-2004 |
| v. | ) |
| | ) |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) |
| | ) |
| Appellee. | ) |

On Appeal from the Superior Court of the Virgin Islands,
the Honorable Brenda J. Hollar presiding

Considered: June 25, 2010
Filed: August 21, 2015

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge of the District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **HAROLD W.L. WILLOCKS**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

ATTORNEYS:

Michael L. Sheesley, Esq.
St. Thomas, U.S.V.I.
    *For the Appellant.*

Maureen Phelan, AAG
St. Thomas, U.S.V.I.
    *For the Appellee.*

> **MEMORANDUM OPINION**

*Charleswell v. Government of the Virgin Islands*
D.C. Crim. App. No. 2007-08
Memorandum Opinion
Page 2

**PER CURIAM,**

Juniel Charleswell ("Charleswell") appeals his conviction in the Superior Court of the Virgin Islands for grand larceny. For the reasons stated below, the Court will affirm the convictions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 5, 2004, Charleswell was employed as a security manager at Plaza Extra, a grocery store on St. Thomas, United States Virgin Islands. On that date, Charleswell picked up Veron Smith ("Smith") at Smith's home and drove to Plaza Extra. While en route, Charleswell told Smith that he needed certain things from the store. When they arrived at Plaza Extra, Charleswell gave Smith the keys to Charleswell's car. Smith went into the store and proceeded to fill two shopping carts with groceries. Smith then left the store with the groceries. Smith left without paying for the groceries he had taken. Smith put the groceries into Charleswell's car.

While Smith was taking merchandise from the store, Charleswell went to work. That day, Charleswell was assigned to Plaza Extra's exit, to train a new security officer on Plaza Extra's practice of checking merchandise leaving the store. As Smith was filling the carts and exiting the store, Nejah Yusef

("Yusef"), a manager at Plaza Extra, observed what was happening on a surveillance camera. Yusef and another Plaza Extra employee halted Smith after he had reached Charleswell's car. Upon being questioned, Smith admitted that he took the items at the direction of Charleswell. Smith also admitted that he had done the same thing, taken merchandise without paying, two to three times a month for a number of months.

The Government of the Virgin Islands (the "Government") charged Charleswell in an amended information with three counts. Count One charged Charleswell with grand larceny, in violation of 14 V.I.C. §§ 1081, 1083. Count Two charged possession of stolen property, in violation of 14 V.I.C. § 2101(a). Count Three charged conspiracy to commit larceny, in violation of 14 V.I.C. §§ 551(5), 552, 1083(1).

The case was tried on October 30, and 31, 2006. Charleswell was found guilty of Count One and not guilty of Counts Two and Three. The jury was polled and each juror confirmed its unanimous and independent verdict. Charleswell timely appealed.

On appeal, Charleswell argues that there was insufficient evidence to support his conviction for grand larceny and that the jury's verdict was inconsistent.

*Charleswell v. Government of the Virgin Islands*
D.C. Crim. App. No. 2007-08
Memorandum Opinion
Page 4

## II. <u>DISCUSSION</u>

**A. Jurisdiction**

This Court has jurisdiction to review judgments and orders of the Superior Court in criminal cases. *See* Revised Organic Act § 23A, 48 U.S.C. § 1613a; Act No. 6687 § 4 (2004).

**B. Standard of Review**

An appellate court exercises plenary review over sufficiency of the evidence claims. *United States v. Miller*, 527 F.3d 54, 60 (3d Cir. 2008). "'In exercising that review, we must interpret the evidence in the light most favorable to the government as the verdict winner,' [citation] and 'do not weigh evidence or determine the credibility of witnesses in making [our] determination.'" *Id.* (second alteration in original) (quoting *United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998); *United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003)). That is, the verdict must stand if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[.]" *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). Overall, "a claim of insufficiency of the evidence places a very heavy burden on an appellant." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990) (internal quotation marks and citation omitted).

*Charleswell v. Government of the Virgin Islands*
D.C. Crim. App. No. 2007-08
Memorandum Opinion
Page 5

### III. ANALYSIS

#### A. Sufficiency of the Evidence

Charleswell argues that there was insufficient evidence to support his conviction for grand larceny.

In the Virgin Islands, larceny is defined as, "the unlawful taking, stealing, carrying, leading, or driving away the personal property of another." 14 V.I.C. § 1081. Grand larceny is defined as the taking of property of $100 or more in value. 14 V.I.C. § 1083(1). The United States Court of Appeals for the Third Circuit has also held that, as at common law, the defendant must have had the specific intent to permanently deprive the owner of his property. *Government of Virgin Islands v. Williams*, 424 F.2d 526, 527 (3d Cir. 1970).

To sustain its burden of proof for grand larceny, the government must prove beyond a reasonable doubt: (1) that the defendant unlawfully took or carried away the personal property of another; (2) that the property was valued at more that $100; and (3) that the defendant had the specific intent to permanently deprive the owner of that property. *Ibrahim v. Virgin Islands*, 2005 U.S. Dist. LEXIS 28696 (D.V.I. 2005) (The crime of grand larceny is established where it is shown there was an intentional and unlawful taking or carrying away of personal property of another valued at more than $ 100, done with the specific intent

*Charleswell v. Government of the Virgin Islands*
D.C. Crim. App. No. 2007-08
Memorandum Opinion
Page 6

to permanently deprive the owner of that property. . . (*citing Government of V.I. v. Brown*, 685 F.2d 834, 837-38 (3d Cir. 1982)) (noting with approval the elements as presented to the jury, although noting defect in charging instrument)).

To satisfy the first element of grand larceny, that the defendant unlawfully took or carried away the personal property of another, the government presented Smith's testimony that Charleswell instructed him to take items out of Plaza Extra without paying for them:

> Q. Where did you go?
>
> A. We were heading to Plaza Extra, so on our way there, he told me to make sure to get him toothpaste, soap and some other items that were on the list because I had the list with the items that -- I has a list with items, the stuff that was on the list, the stuff that he wanted me to get for him.
>
> Q. What was it that you were supposed to do with the stuff that was on the list?
>
> A. I was supposed to get groceries out of Plaza Extra.
>
> Q. And do what with it?
>
> A. Steal it.
>
> Q. And where were you going, what were you going to do with it after you stole it?
>
> A. I was going to put them in Juniel Charleswell's car.

Trial Tr. Day 1, p. 105. Smith further testified that while Charleswell was working as a security guard at the front door, he allowed Smith to exit without having paid for the items in his

carts. Smith testified that "I came through that side and Juniel Charleswell was at the front door and he let me go through the front door." *Id.* at 108.

The government also presented the testimony of Yusef. Yusef testified that he observed, via video camera, Smith exiting Plaza Extra, through the door being guarded by Charleswell, without paying for goods. Id. at 158-59.

This evidence was sufficient for the jury to find that Charleswell instructed Smith to unlawfully carry away the property of Plaza Extra.

14 V.I.C. § 11 allows for anyone who "commits a crime or offense or aids, abets, counsels, commands, induces or procures its commission [or] willfully causes an act to be done which if directly performed by him or another person would be a crime or offense" to be charged as a principal. *Id.*

In *United States v. Xavier*, 2 F.3d 1281 (3d Cir. 1993), the Third Circuit upheld an assault conviction where the defendant supplied another individual with a firearm during a fight. The court held that:

> Liability as an aider and abettor requires proof that defendant associated himself with the venture, that he participated in it as something he wished to bring about, and that he sought by his words or action to

*Charleswell v. Government of the Virgin Islands*
D.C. Crim. App. No. 2007-08
Memorandum Opinion
Page 8

> make it succeed. The government can show the requisite intent with evidence defendant encouraged or helped the perpetrator.

*Id.* at 1288. Accordingly, a defendant may be liable as a principal even if he does not personally take the actions which constitute the underlying offense; as long as the defendant had the requisite intent and "sought by his words or action" to bring the relevant crime to fruition, liability may attach. *Id.*

Because Charleswell was charged as a principal under 14 V.I.C. § 11, the government met its burden by demonstrating that Charleswell sought to bring about the larceny through his instructions to, and cooperation with, Smith. Smith's testimony that Charleswell directed him to take the items from the store without paying for them indicates that Charleswell was a participant in the crime and was attempting to bring about the larceny. Trial Tr. Day 1, p. 105. Smith further testified that Charleswell supplied Smith with the keys to Charleswell's car so that Smith could load the items taken from Plaza Extra. *Id.* at 106. This evidence, along with the testimony of Yusef that Charleswell was in the vicinity of the exit when Smith left the store with the stolen merchandise, constitutes sufficient evidence for the jury to conclude that Charleswell intended Smith to unlawfully take Plaza Extra's property.

To satisfy the second element of grand larceny, that the property was valued at more that $100, the government presented the testimony of Waheed Hamed ("Hamed"), a manager at Plaza Extra. Hamed testified that the total value of the goods that Smith left Plaza Extra with was $1,008.90. *Id.* at 199. This evidence was sufficient for the jury to find that the government had proved beyond a reasonable doubt that the items taken from Plaza Extra were valued at more than $100.

To satisfy the third element of grand larceny, that the defendant had the specific intent to permanently deprive the owner of that property, the government presented the testimony of Smith and Yusef, as recounted above. The government also presented Yusef's testimony that Charleswell was aware of the fact that neither he nor Smith was permitted to take groceries from the store:

> Q. Well, did you see Mr. Charleswell ask Mr. Smith to get sodas?
>
> A. Yes.
>
> Q. Has he done it for other people also?
>
> A. For other people?
>
> Q. Yes?
>
> A. If I'm in the room and [Smith] is getting [a soda] for Mr. Charleswell, I might get one for myself, but other people, I don't think, but for himself -- not unless a Manager, myself or Mr. Hamad, said it's ok to

>   go ahead and have it. Say, go ahead, don't pay for
>   that, but for himself to take it on his own, we don't
>   allow it.
>
>   ...
>
>   We don't allow Mr. Charleswell to take groceries
>   without paying for it.

*Id.* at 190-91. Yusef's testimony, in addition to Smith's testimony that Charleswell directed him to take groceries without paying, indicated that Charleswell was aware that taking items from Plaza Extra was not permitted, but that he chose to do so regardless. The jury could reasonably find beyond a reasonable doubt that Charleswell had the specific intent to permanently deprive Plaza Extra of its property.

### B. Inconsistent Verdict

Charleswell also points out that the jury found him not guilty of Count Three, conspiracy to commit larceny. He argues that if the jury found that he did not conspire with Smith to steal from Plaza Extra, then it should also not have found that he stole the merchandise from the store.

The Supreme Court of the United States, though, has plainly held that juries are permitted to arrive at inconsistent verdicts. *United States v. Powell*, 469 U.S. 57, 66 (U.S. 1984) ("The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review,

suggests that inconsistent verdicts should not be reviewable."). As such, the fact that the jury found Charleswell not guilty of Count Three, conspiracy to commit larceny, does not bear on his guilt with respect to Count One, grand larceny and is not grounds for reversal.

## IV. CONCLUSION

For the reasons stated above, the Court will affirm Charleswell's conviction. An appropriate order accompanies this opinion.